DANIEL W. BALLESTEROS -- BAR NO. 142003
SBLEND A. SBLENDORIO -- BAR NO. 109903
COLLEEN B. KELLEY -- BAR NO. 238294
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax:  (408) 287-2583

Attorneys for Plaintiff
ADRIANA FARKOUH

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE

| | |
|---|---|
| In Re:<br><br>JAMES M. LIQUORI<br><br>    Debtor.<br>_____<br><br>ADRIANA FARKOUH<br><br>    Plaintiffs,<br><br> vs.<br><br>JAMES M. LIQUORI,<br><br>    Defendant. | No. 10-55627<br><br>Adversary No. :<br><br>ADRIANA FARKOUH'S COMPLAINT TO DETERMINE DISCHARGEABIILTY OF DEBT PURSUANT TO 11 U.S.C. §§523(a)(2)(A), 523(a)(4) and 523(a)(6) |

      Plaintiff Adriana Farkouh ("Farkouh"), by and through her undersigned counsel,

brings this action against Debtor/Defendant James M. Liquori to determine the

nondischargeability of debt pursuant to Bankruptcy Code §§523(a)(2)(A), 523(a)(4), and

523(a)(6) and alleges:

      1.    Plaintiff is an individual who is a resident of the State of California and who

did business with defendant Liquori in California with the purpose of investing in real

estate located in California.

      2.    Defendant James M. Liquori is the debtor in the above captioned bankruptcy

ADRIANA FARKOUH'S COMPLAINT TO DETERMINE DISCHARGEABIILTY OF DEBT PURSUANT TO 11 U.S.C. §§523(a)(2)(A),
523(a)(4) and 523(a)(6)

Case: 10-05007    Doc# 1    Filed: 08/26/10    Entered: 08/26/10 12:25:18    Page 1 of 26

1  case.

2      3.    For many years, plaintiff and defendant Liquori have had a business/personal
3  relationship. Throughout this time, including the time that plaintiff was going through a
4  divorce from her husband, also a friend and business associate of defendant Liquori's, Mr.
5  Liquori provided both business and personal advice on many occasions. Mr. Liquori used
6  this personal relationship in order to gain plaintiff's trust and confidence. Since 2003,
7  plaintiff has given money to defendant Liquori to invest in a total of eight notes, which
8  were to be secured by real property, for a total of $264,000. The debt of $264,000 is still
9  outstanding. The dates, amounts and names of the borrowers on the loans are as follows:

10      a.    Asturias, in the amount of $50,000, at 13% interest in May 2005;

11      b.    Banchero/Miller, in the amount of $44,000, at 13% interest in May
12      2005;

13      c.    Fonesca, Robert, in the amount of $25,000, at 12% interest in May
14      2005;

15      d.    Fonesca, Thelma, in the amount of $15,000, at 13% interest in May
16      2005;

17      e.    Lepurin, in the amount of $30,000 at 13% interest in February 2004;

18      f.    Nash, in the amount of $25,000 at 15% interest in March 2003;

19      g.    Defendant Jim Liquori dba Signature Properties, in the amount of
20      $25,000 at 12% interest in July 2003;

21      h.    Wales, in the amount of $50,000 at 13% May 2006;

22      4.    Defendant Liquori made false statements, misrepresentations and omissions
23  in order to deceive plaintiff into giving him money. Plaintiff gave money to defendant
24  Liquori based on these false pretenses.

25      a. With respect to the Asturias, Banchero/Miller, Lepurin, and Nash loans, the
26      loans were paid off, defendant Liquori received the money for the principal,
27      yet did not inform plaintiff of the sale. Rather, he converted her money for his
28      own benefit and continued to make "interest" payments on the principal

-2-

Case:\\HQAFSNB\rive\PENDING\0082907\Pleadings\PENDING\0082907\Pleadings Case: 10-05082 Doc# 38 Filed: 08/26/10 Entered: 08/26/10 12:25:18 Page 2 of 26

balance.  Defendant Liquori did not pay Plaintiff as promised.  He further misled her by not divulging that he sold the loans.

    b.  With respect to the Liquori loan, plaintiff loaned the money directly to defendant Liquori, doing business as Signature Properties.  Defendant Liquori has not paid back the loan and had no intention of paying back the loan.

    c.  With respect to the Fonesca and Wales loans, defendant Liquori represented that the rate of return and risk were much more attractive than they really were.  Further, he put the loans in further risk as more money was lent on the properties, without any notification to plaintiff.

5.    At the time defendant Liquori made the above statements, misrepresentations and omissions, he knew them to be false.

6.    Plaintiff did not learn of these misrepresentations, statements and omissions until the fall of 2009, when she began an investigation into the money she gave to defendant Liquori to invest.

7.    In letters dated October 9, 2009, and November 11, 2009, defendant Liquori admitted to plaintiff that he made the above false statements, misrepresentations and omissions.

8.    Plaintiff justifiably relied upon the false statements, misrepresentations and omissions of defendant Liquori.  Moreover, defendant Liquori's false statements proximately caused the loss suffered by plaintiff.

## FIRST CAUSE OF ACTION

## DETERMINATION OF NON-DISCHARGEABILTY OF DEBT BASED ON FALSE REPRESENTATION PURSUANT TO 11 U.S.C. §§523(A)(2)(A)

9.    Plaintiff realleges and incorporates paragraphs 1 through 8 by reference as though fully alleged herein.

10.    Defendant Liquori's liability to plaintiff arises from the transactions in which he obtained her money by false representation.  For the foregoing reasons, defendant

-3-

Case\\HQASNDrive\PENDING0006829071filee0098226/10    Entered: 08/26/10 12:25:18    Page 3 of 26

Liquori's liability, in the amount $264,000, is not dischargeable under 11 U.S.C. § 523(a)(2)(A).

## SECOND CAUSE OF ACTION

### DETERMINATION OF NON-DISCHARGEABIILTY OF DEBT BASED ON EMBEZZLEMENT PURSUANT TO 11 U.S.C. §§523(A)(4)

11.     Plaintiff realleges and incorporates paragraphs 1 through 8 by reference as though fully alleged herein.

12.     Defendant Liquori's liability to plaintiff arises from the transactions in which he embezzled her money and converted it to his own use by false representation.  For the foregoing reasons, defendant Liquori's liability, in the amount $264,000, is not dischargeable under 11 U.S.C. § 523(a)(4).

## THIRD CAUSE OF ACTION

### DETERMINATION OF NON-DISCHARGEABIILTY OF DEBT BASED ON WILLFUL AND MALICIOUS CONDUCT PURSUANT TO 11 U.S.C. §§523(A)(6)

13.     Plaintiff realleges and incorporates paragraphs 1 through 8 by reference as though fully alleged herein.

14.     Defendant Liquori's conduct was willful and malicious.  For the foregoing reasons, defendant Liquori's liability, in the amount $264,000, is not dischargeable under 11 U.S.C. § 523(a)(6).

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against defendant Liquori as follows:

(a)     declaring defendant Liquori's indebtedness to plaintiff, in the amount of $264,000, is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(2)(A);

(b)     declaring defendant Liquori's indebtedness to plaintiff, in the amount of $264,000, is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(4);

(c)     declaring defendant Liquori's indebtedness to plaintiff, in the amount of $264,000, is a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6);

(d)     granting a non-dischargeability judgment in favor of plaintiff against defendant Liquori, in an amount of $264,000, including, without limitation, pre-judgment

-4-

Case:\\HP\FS\NDrive\PENDING0082907180609082460\t 38    Filed: 08/26/10    Entered: 08/26/10 12:25:18    Page 4 of 26

1  and post-judgment interest as provided by law, reasonable attorney's fees costs and
2  expenses, and;

3        (e)    granting plaintiff any other and further relief to which they may be entitled.

4  DATED: August 22, 2010

HOGE, FENTON, JONES & APPEL, INC.

By _____

Colleen B. Kelley
Attorneys for Plaintiff
ADRIANA FARKOUH

ADRIANA FARKOUH'S COMPLAINT TO DETERMINE DISCHARGEABIILTY OF DEBT PURSUANT TO 11 U.S.C. §§523(a)(2)(A), 523(a)(4) and 523(a)(6)

EXHIBIT A

RECORDING REQUESTED BY:

When Recorded Mail Document To:

SIGNATURE PROPERTIES
3071 PAYNE AVENUE, SUITE #B
SAN JOSE, CALIFORNIA 95128

Escrow No.
Title Order No.
APN:

*Handwritten notes (top right):*
2nd
$50 K — 13%
No copy of Deed of
4/05, only, 11/02
on file

SPACE ABOVE

NOTE: This Assignment should be kept with the Note and Deed of Trust hereby assigned.

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to
**ADRIANA FARKOUH, AN UNMARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY**
all beneficial interest under that certain Deed of Trust dated **APRIL 15, 2005**
executed by **RICARDO ASTURIAS AND JOHANNA ASTURIAS, HUSBAND AND WIFE AS JOINT TENANTS**
, Trustor,

to **CHICAGO TITLE COMPANY, A CALIFORNIA CORPORATION** , Trustee,
and recorded as Instrument No. **18358417** on **MAY 6, 2005**
~~XXXXXXXX~~ ~~XXXXXX~~ , of Official Records in the County Recorder's office of
**THE RECORDER OF SANTA CLARA** County, California, describing land therein as:

ALL OF LOT 39, AS SHOWN UPON THAT CERTAIN MAP ENTITLED, "TRACT NO. 2544, WHICH MAP
WAS FILED FOR RECORD IN THE OFFICE OF THE RECORDER OF SANTA CLARA COUNTY, STATE OF
CALIFORNIA, ON MAY 10, 1961 IN BOOK 132 OF MAPS, PAGE 34. EXCEPTING THEREFROM THE
UNDERGROUND WATER WITH NO RIGHTS OF SURFACE ENTRY AS GRANTED IN THE DEED EXECUTED BY
CITY TITLE COMPANY TO SAN JOSE WATER WORKS, A CALIFORNIA CORPORATION, DATED JUNE 29,
1961 IN BOOK 5216 OF OFFICIAL RECORDS, PAGE 423.    APN: 389-39-006

Together with the note or notes therein described or referred to, the money due and to become due thereon with
interest, and all rights accrued or to accrue under said Deed of Trust.

DATED: _____ **MAY 6, 2005** _____

STATE OF CALIFORNIA
COUNTY OF _Santa Clara_
ON _May 10 2005_ before me,
_S McCauley_ personally appeared
_James M. Liquori_

personally known to me (or proved to me on the
basis of satisfactory evidence) to be the person(s)
whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the
instrument.

Witness my hand and official seal.

Signature _____

_Signature_
**JAMES M. LIQUORI, BROKER/OWNER**
SIGNATURE PROPERTIES A SOLE PROPRIETORSHIP

_____

S. MCCAULEY
Comm. #1350993
NOTARY PUBLIC-CALIFORNIA
Sacramento County
My Comm. Expires April 13, 2006

FD-05 (Rev. 4/94)                    ASSIGNMENT OF DEED OF TRUST

$100,000.00        SAN JOSE, CALIFORNIA        FEBRUARY 1, 2005

FOR VALUE RECEIVED,    RICARDO ASTURIAS AND JOHANNA ASTURIAS,
                       HUSBAND & WIFE AS JOINT TENANTS, EACH OF
                       WHICH IS JOINTLY AND INDIVIDUALLY
                       RESPONSIBLE FOR REPAYMENT IN FULL.

PROMISE TO PAY TO:     SIGNATURE PROPERTIES, A SOLE PROPRIETOR-
                       SHIP, AND/OR ITS ASSIGNS

OR ORDER AT:           C/O SIGNATURE PROPERTIES
                       3071 PAYNE AVENUE, SUITE #B
                       SAN JOSE, CALIFORNIA 95128-4000

        (OR ANY OTHER PLACE SO DESIGNATED BY THE BENEFICIARY)

THE SUM OF: ONE HUNDRED THOUSAND & 00/100 DOLLARS, ($100,000.00)

PLUS INTEREST AT A FIXED RATE OF THIRTEEN AND 00/100 PERCENT,

(13.00%), IN LIKE LAWFUL MONEY, OF THE UNITED STATES OF AMERICA.

THERE SHALL BE NO PREPAYMENT PENALTY SHOULD THIS LOAN BE PAID IN

FULL PRIOR TO THE MATURITY DATE EXPRESSED HEREIN.

THE BORROWER AGREES TO MAKE MONTHLY INSTALLMENTS OF INTEREST

ONLY, IN THE AMOUNT OF ONE THOUSAND EIGHTY THREE & 33/100 DOLLARS,

($1,083.33), CONTINUING ON THE FIRST DAY OF FEBRUARY, 2005, AND

CONTINUING IN A LIKE MANNER UNTIL THE FIRST DAY OF AUGUST, 2006.

AT SUCH  TIME THE ENTIRE PRINCIPAL BALANCE AND ALL INTEREST

EARNED BY THE BENEFICIARY SHALL BE DUE AND PAYABLE IN THE FORM

OF A BALLOON PAYMENT.

                    BORROWERS INITIALS (           ) &

$50K

Case: 10-55627   Doc# 38   Filed: 08/26/10   Entered: 08/26/10 12:25:18   Page 8 of 26

OF THAT CERTAIN NOTE DATED FEBRUARY 1, 2005, BETWEEN RICARDO AND JOHANNA ASTURIAS, & THE BENEFICIARY: SIGNATURE PROPERTIES OR ITS ASSIGNS. SECURED BY: 19141 PORTOS DRIVE, SARATOGA, CA. 95070.

THIS NOTE SHALL BE SECURED BY A *SECOND DEED OF TRUST* ON THE REAL PROPERTY COMMONLY KNOWN AS: 19141 PORTOS DRIVE, SARATOGA, CA. (APN: 389-39-006), SANTA CLARA COUNTY RECORDS.

A DEED OF TRUST OF EQUAL DATE SHALL BE RECORDED IN A TIMELY MANNER IN THE RECORDERS OFFICE OF SANTA CLARA COUNTY. UPON SATISFACTION OF THIS NOTE, AND RECEIPT OF TRUSTEE'S FEE, THE BENEFICIARY SHALL CAUSE THE DEED OF TRUST TO BE RECONVEYED.

THE BENEFICIARY RESERVES THE SOLE RIGHT TO ASSIGN HIS INTEREST IN THIS NOTE TO ANYONE OF HIS CHOOSING AND WILL NOTIFY THE BORROWER IN A TIMELY MANNER OF SAID ASSIGNMENT.

IF ANY MONTHLY INSTALLMENT NOT BE RECEIVED BY THE BENEFICIARY OR HIS ASSIGNS BY THE TENTH DAY (10TH) DAY OF THE MONTH IN WHICH IT IS DUE, THE BENEFICIARY SHALL HAVE EARNED A LATE PAYMENT FEE OF $64.00, WHICH SHALL BE IMMEDIATELY DUE & PAYABLE.

ON ANY INSTALLMENT RECEIVED BY THE BENEFICIARY, INTEREST EARNED BY THE BENEFICIARY SHALL BE CREDITED FIRST, AND THE REMAINING SUM SHALL BE APPLIED TOWARD REDUCING THE PRINCIPAL.

BORROWERS INITIALS: (REA) (JA)

OF THAT CERTAIN NOTE DATED FEBRUARY 1, 2005, BETWEEN RICARDO AND
JOHANNA ASTURIAS, & THE BENEFICIARY, SIGNATURE PROPERTIES OR ITS
ASSIGNS. SECURED BY: 19141 PORTOS DRIVE, SARATOGA, CA. 95070.

*ANY DEFAULT OF THE BORROWER WILL REQUIRE AN ADVANCING FEE OF*

*FIVE PERCENT (5.00%) OF THE SUM ADVANCED. A LIKE AMOUNT SHALL BE*

*ADDED TO THE PRINCIPLE BALANCE OF THIS NOTE. THE BORROWER MAY*

*AS AN ALTERNATIVE PAY THIS AMOUNT AT THE TIME THE EXPENSE IS*

*INCURRED OR MAKE OTHER ARRANGEMENTS AGREEABLE WITH THE LENDER.*

IF THIS OBLIGATION IS NOT PAID IN FULL BY THE MATURITY DATE, OR

THE TERM EXTENDED, AT THE HOLDERS OPTION, THE UNPAID BALANCE

SHALL ACCRUE INTEREST AT A RATE OF THIRTEEN AND 00/100 PERCENT,

(13.00%) PER ANNUM UNTIL SAID SUM IS SATISFIED IN FULL.

SHOULD THE MAKERS DEFAULT IN THE PAYMENT OF ANY SUM DUE UNDER THE

TERMS OF THIS NOTE, OR ANY OBLIGATION(S) CONTAINED IN THE DEED

OF TRUST, OR ANY OBLIGATION(S) DUE ANY SENIOR DEED OF TRUST, OR

THE PROPERTY TAXES BECOME DELINQUENT, THEN THE ENTIRE PRINCIPLE

SUM OF THIS NOTE, & ALL INTEREST EARNED, TOGETHER WITH ANY AND

ALL OUTSTANDING ADVANCING FEES SHALL BECOME DUE AND PAYABLE

WITHOUT NOTICE AT THE OPTION OF THE NOTE HOLDER.

THE INTEREST RATE EXPRESSED HEREIN SHALL NOT EXCEED THE MAXIMUM

RATE PERMITTED BY APPLICABLE LAW. SHOULD ANY PROVISION OF THIS

NOTE NOT HAVE A BASIS IN LAW, IT SHALL NOT INVALIDATE THE DEBT.

ANY AND ALL COSTS INCURRED FOR COLLECTION AND/OR ENFORCEMENT OF

ANY PROVISIONS OF THIS NOTE SHALL BE THE SOLE RESPONSIBILITY OF

THE BORROWERS.

BORROWERS INITIALS: (_____), (_____)

OF THAT CERTAIN NOTE DATED FEBRUARY 1, 2005, BETWEEN RICARDO AND JOHANNA ASTURIAS & THE BENEFICIARY: SIGNATURE PROPERTIES OR ITS ASSIGNS. SECURED BY: 19141 PORTOS DRIVE, SARATOGA, CA. 95070.

IF THE BORROWERS CONVEY OR ALIENATE SAID PROPERTY, OR ANY PART THEREOF, OR ANY INTEREST THEREIN, OR BE DIVESTED OF THE TITLE IN ANY MANNER, WHETHER VOLUNTARY OR INVOLUNTARY, THIS NOTE IRRESPECTIVE OF THE MATURITY DATE EXPRESSED SHALL BECOME IMMEDIATELY DUE AND PAYABLE AT THE OPTION OF THE BENEFICIARY.

IF ANY ACTION IS INSTITUTED ON THIS NOTE, I/WE PROMISE TO PAY SUCH SUM AS THE COURT MAY AFFIX FOR LEGAL COSTS & ATTORNEYS FEES.

THIS NOTE MAY BE ASSIGNED, SOLD, TRANSFERRED, OR THE MATURITY DATE EXTENDED SOLELY AT THE OPTION OF THE BENEFICIARY. THIS LOAN MAY UNDER NO CIRCUMSTANCES BE ASSUMED BY ANOTHER BORROWER.

AT THE ORIGINATION OF THIS OBLIGATION, THE BORROWERS HAVE IN FACT REPRESENTED THAT THEY ARE GAINFULLY EMPLOYED, AND THAT THEIR PRESENT & ANTICIPATED EXPENSES WILL ALLOW HIM THEM THE FINANCIAL CAPABILITY TO REPAY THIS LOAN AS AGREED.

THIS LOAN SUPERCEDES AND EXTENDS THE MATURITY DATE OF THE NOTE AND DEED OF TRUST DATED NOVEMBER 29, 2002 BETWEEN THE PARTIES. THE ORIGINALLY EXECUTED DISCLOSURES REMAIN IN FULL FORCE AND EFFECT, WITH AN EFFECTIVELY LOWER ANNUAL PERCENTAGE RATE.

*WE UNDERSTAND THAT WITH THE EXECUTION OF THIS CREDIT, THE LENDER WILL HAVE A MORTGAGE ON OUR HOME, AND THAT WE COULD LOSE OUR HOME AND THE MONEY WE HAVE INVESTED INTO IT IF WE DO NOT MEET THE OBLIGATIONS UNDER THE LOAN & TRUST DEED.*

BORROWERS INITIALS: ( _RBA_ ) ( _JL_ )

OF THAT CERTAIN NOTED DATED FEBRUARY 1, 2005, BETWEEN RICARDO AND JOHANNA ASTURIAS, & THE BENEFICIARY: SIGNATURE PROPERTIES OR ITS ASSIGNS. SECURED BY: 19141 PORTOS DRIVE, SARATOGA, CA. 95070.

*THE BORROWER REPRESENTS THAT ALL INFORMATION PRESENTED TO THE BENEFICIARY AND THE BROKER ARE FACTUAL AND THAT NO MATERIAL INFORMATION HAS BEEN WITHHELD. THE BORROWER HAS DISCLOSED TO SIGNATURE PROPERTIES THAT THE SECURITY FOR THIS LOAN IS THE BORROWERS PRIMARY RESIDENCE, AND THAT THE EXPRESSED PURPOSE OF THIS LOAN IS FOR INVESTMENT PURPOSES AS DISCLOSED IN A MEMO FROM THE BORROWERS DATED OCTOBER 31, 2002. SAID INVESTMENTS ARE TO MADE AT THE BORROWERS DISCRETION AFTER SETTLEMENT.*

*DUE TO THE EXPRESSED PURPOSES OF THIS LOAN, THIS LOAN IS EXEMPT FROM BOTH THE FEDERAL "SECTION 32" AND STATE "CAL 32" GUIDELINES. THE BORROWERS HAVE NO RESERVATIONS WHAT-SO-EVER THAT THE MATURITY DATE OF THIS OBLIGATION WILL CAUSE THEM ANY UNDO HARDSHIP.*

*WE ARE IN FULL UNDERSTANDING AND COMPLETE AGREEMENT WITH ALL THE TERMS OF THIS AGREEMENT. WE HAVE BEEN ADVISED TO SEEK LEGAL ADVICE PRIOR TO EXECUTING THIS DOCUMENT.*

*WE ARE WILLINGLY ENTERING INTO THIS AGREEMENT WITHOUT BEING UNDER ANY UNDO DURESS AND OF OUR OWN FREE WILL AND HAVING HAD AMPLE OPPORTUNITY TO RESCIND THIS TRANSACTION.*

_____  2/10/05
RICARDO ASTURIAS              /DATE

_____  2/10/05
JOHANNA ASTURIAS              /DATE

EXHIBIT B

RECORDING REQUESTED BY:

When Recorded Mail Document To:

SIGNATURE PROPERTIES
3071 PAYNE AVENUE, SUITE #B
SAN JOSE, CA. 95128-4000

Escrow No.
Title Order No.
APN:

*Banchero 2005*
*2nd*
*$40K @ 13%*

SPACE ABOVE

NOTE: This Assignment should be kept with the Note and D

## ASSIGNMENT OF DEED OF TR

FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to
**ADRIANA FARKOUH, AN UNMARRIED WOMAN AS HER SOLE AND SEPARATE PROPERTY**
all beneficial interest under that certain Deed of Trust dated **FEBRUARY 1, 2005**
executed by **SALLY MILLER, AN UNMARRIED WOMAN AND RONALD BANCHERO, AN UNMARRIED MAN**
, Trustor,

to **CHICAGO TITLE COMPANY, A CALIFORNIA CORPORATION** , Trustee,
and recorded as Instrument No. 18224770 on **FEBRUARY 9, 2005**
~~XXXXXXX~~ ~~XXXXX~~ , of Official Records in the County Recorder's office of
**THE RECORDER OF SANTA CLARA COUNTY** County, California, describing land therein as:

**LOT 6, BLOCK 23, AS SHOWN ON THE MAP ENTITLED, "TRACT NO. 1177 WESTWOOD UNIT NO. 5", WHICH MAP WAS FILED FOR RECORD IN THE OFFICE OF THE RECORDER OF THE COUNTY OF SANTA CLARA, STATE OF CALIFORNIA, ON MAY 26, 1953, IN BOOK OF MAPS, NUMBERED 42, AT PAGES 52,53 AND 54.**

**APN: 303-04-039**

Together with the note or notes therein described or referred to, the money due and to become due thereon with interest, and all rights accrued or to accrue under said Deed of Trust.

DATED: **MAY 6, 2005**

STATE OF CALIFORNIA
COUNTY OF Santa Clara
ON May 10 2005 before me,
S. McCauley personally appeared
James M. Liquori

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature _____

**JAMES M. LIQUORI, BROKER/OWNER OF**
**SIGNATURE PROPERTIES A SOLE PROPRIETORSHIP**

S. MCCAULEY
Comm. #1350993
NOTARY PUBLIC-CALIFORNIA
Sacramento County
My Comm. Expires April 13, 2006

FD-05 (Rev. 4/94)                    ASSIGNMENT OF DEED OF TRUST

RECORDING REQUESTED BY
CHICAGO TITLE COMPANY

AND WHEN RECORDED MAIL TO

Signature Properties
3071 Payne Ave. Suite B
San Jose, CA  95128

DOCUMENT:  1822   0

Pages   6

Fees... 31.00
Taxes...
Copies.
AMT PAID  31.00

BRENDA DAVIS
SANTA CLARA COUNTY RECORDER
Recorded at the request of
Chicago Title

RDE #  005
2/09/2005
8:00 AM

*BN*

Escrow No.  130301 - TZD
Order No.  130301 - LAD

SPACE ABOVE THIS LINE FOR RECORDER'S USE

**Deed of Trust with Assignment of Rents as Additional Security**

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING  INFORMATION
(Additional recording fee applies)

CPFR3 --11/13/96bk

Signature Properties
3071 Payne Ave. Suite B
San Jose, CA  95128

Escrow No.  130301  -TZD
Order No.  130301  - LAD

SPACE ABOVE THIS LINE FOR RECORDER'S USE
Assessor's Parcel No:
303-04-039

## DEED OF TRUST WITH ASSIGNMENT OF RENTS AS ADDITIONAL SECURITY

This DEED OF TRUST, made this 1ST     day of  February        , 2005        , between
Sally Miller, an unmarried woman and Ronald Banchero, an unmarried man

herein called TRUSTOR, whose address is 328 Pineview Drive, Santa Clara, CA  95050

CHICAGO TITLE COMPANY, a California Corporation                    herein called TRUSTEE, and
Signature Properties a sole Proprietorship or its assigns

herein called BENEFICIARY, Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale
that property in the City of         Santa Clara            County  SANTA CLARA
California, described as:
All that certain Real Property in the City of Santa Clara, County of Santa Clara,
State of California, described as follows:

Lot 6, Block 23, as shown on the Map entitled, "Tract No. 1177 Westwood Unit No. 5",
which Map was filed for Record in the Office of the Recorder of the County of Santa
Clara, State of California, on May 26, 1953, in Book of Maps, numbered 42, at Pages
52, 53 and 54.

ADDITIONAL PROVISIONS EXHIBIT ATTACHED AND MADE A PART HEREOF BY REFERENCE

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon
Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) payment of the sum of $44,000.00               with interest thereon according to the terms of a
promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof; (2) the
performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums
and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting
that they are secured by this Deed of Trust.

DT1PG1-08/08/94bk
Page 1

Escrow No: 130301   TZD                    Assessor's Parcel No: 303-04-039

## ADDITIONAL   PROVISIONS   EXHIBIT

In the event Trustor, without the prior consent of the Beneficiary, sells, agrees to
sell, transfers or conveys its interest in the real property or any part thereof or any
interest therein, Beneficiary may at its option declare all sums secured hereby
immediately due and payable.  Consent to one such transaction shall not be deemed to be
a waiver of the right to require such consent to future or successive transactions.  The
terms "Trustor" and "Beneficiary" include their successors.

## DO NOT RECORD

The following is a copy of Subdivisions A and B of the fictitious Deed of Trust recorded in each county in California as stated in the foregoing Deed of Trust and incorporated by reference in said Deed of Trust as being a part thereof as if set forth at length therein.

A. To protect the security of this Deed of Trust, Trustor agrees:

(1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefor; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2) To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may, make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge, or lien which in the judgement of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him or her in the same manner and with the same effect as above provided for regarding disposition of proceeds of fire or other insurance.

(2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his or her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(3) That at any time or from time to time, without liability therefor and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto."

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable. Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his or her own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6)That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder, including pledgees, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

(9) The Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

**DO NOT RECORD**                     **REQUEST FOR FULL RECONVEYANCE**

TO CHICAGO TITLE COMPANY

The undersigned is the legal owner and holder of the note or notes, and of all other indebtedness secured by the foregoing Deed of Trust. Said note or notes, together with all other indebtedness secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note or notes above mentioned, and all other evidence of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Dated _____

_____

_____

Please mail Deed of Trust,
Note and Reconveyance to   _____

**Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

DT1PG4-08/08/94bk

Escrow No: 130301      TZD            Assessor's Parcel No: 303-04-039

To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A of that certain Fictitious Deed of Trust referenced herein, and it is mutually agreed that all of the provisions set forth in subdivision B of that certain Fictitious Deed of Trust recorded in the book and page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 71-10-26 | 615 | Sonoma | 2067 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 881 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 693 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego Series 5 Book 1964, Page 149774 | | | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivisions A and B, (identical in all counties) are printed on the following pages hereof, and are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

_Sally Miller_
Sally Miller

_Ronald Banchero_
Ronald Banchero

STATE OF CALIFORNIA
COUNTY OF _SANTA CLARA_ } S.S.

On _FEBRUARY 3, 2005_ before me,
_JAMES M. LIQUORI_
a Notary Public in and for said County and State, personally appeared
_SALLY MILLER_
_RONALD BANCHERO_

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_[signature]_
NOTARY'S SIGNATURE

JAMES M. LIQUORI
Commission # 1484436
Notary Public - California
Santa Clara County
My Comm. Expires Apr 20, 2008

(THIS AREA FOR OFFICIAL NOTARIAL SEAL OR STAMP)

DT1PG2-08/23/94bk

Case: 10-55627   Doc# 38   Filed: 08/26/10   Entered: 08/26/10 12:25:18   Page 20 of 26

# STRAIGHT NOTE
## WITH DUE ON SALE CLAUSE, ASSIGNMENT OF RENTS AND PROVISION FOR INTEREST
### PAGE ONE OF FIVE

$44,000.00          SAN JOSE, CALIFORNIA          FEBRUARY 1, 2005

FOR VALUE RECEIVED,     SALLY MILLER, AN UNMARRIED WOMAN, AND
                        RONALD BANCHERO, AN UNMARRIED MAN,
                        EACH OF WHICH IS JOINTLY AND INDIVIDUALLY
                        RESPONSIBLE FOR REPAYMENT IN FULL.

PROMISE TO PAY TO:      SIGNATURE PROPERTIES, A SOLE PROPRIETOR-
                        SHIP, AND/OR ITS ASSIGNS

OR ORDER AT:            C/O SIGNATURE PROPERTIES
                        3071 PAYNE AVENUE, SUITE #B
                        SAN JOSE, CALIFORNIA 95128-4000

        (OR ANY OTHER PLACE SO DESIGNATED BY THE BENEFICIARY)

THE SUM OF: FORTY FOUR THOUSAND & 00/100 DOLLARS, ($44,000.00)

PLUS INTEREST AT A FIXED RATE OF THIRTEEN AND 00/100 PERCENT,

(13.00%), IN LIKE LAWFUL MONEY, OF THE UNITED STATES OF AMERICA.

THERE SHALL BE NO PREPAYMENT PENALTY SHOULD THIS LOAN BE PAID IN

FULL PRIOR TO THE MATURITY DATE EXPRESSED HEREIN.

THE BORROWER AGREES TO MAKE MONTHLY INSTALLMENTS OF INTEREST

ONLY, IN THE AMOUNT OF FOUR HUNDRED SEVENTY SIX & 67 100 DOLLARS,

($476.67), BEGINNING ON THE FIRST DAY OF MARCH, 2005, AND

CONTINUING IN A LIKE MANNER UNTIL THE FIRST DAY OF FEBRUARY,

2007, AT SUCH  TIME THE ENTIRE PRINCIPAL BALANCE AND ALL INTEREST

EARNED BY THE BENEFICIARY SHALL BE DUE AND PAYABLE IN THE FORM

OF A BALLOON PAYMENT.

                    BORROWERS INITIALS (          ) (          )

OF THAT CERTAIN NOTE DATED FEBRUARY 1, 2005, BETWEEN MILLER AND
BANCHERO, AND THE BENEFICIARY: SIGNATURE PROPERTIES OR ITS
ASSIGNS. SECURED BY: 328 PINEVIEW DRIVE, SANTA CLARA, CA. 95050.

THIS NOTE SHALL BE SECURED BY A *SECOND DEED OF TRUST* ON THE REAL

PROPERTY COMMONLY KNOWN AS: 328 PINEVIEW DRIVE, SANTA CLARA, CA.

(APN: 303-04-039), SANTA CLARA COUNTY RECORDS.


A DEED OF TRUST OF EQUAL DATE SHALL BE RECORDED IN A TIMELY

MANNER IN THE RECORDERS OFFICE OF SANTA CLARA COUNTY.

UPON SATISFACTION OF THIS NOTE, AND RECEIPT OF TRUSTEE'S FEE,

THE BENEFICIARY SHALL CAUSE THE DEED OF TRUST TO BE RECONVEYED.


THE BENEFICIARY RESERVES THE SOLE RIGHT TO ASSIGN HIS INTEREST

IN THIS NOTE TO ANYONE OF HIS CHOOSING AND WILL NOTIFY THE

BORROWER IN A TIMELY MANNER OF SAID ASSIGNMENT.


IF ANY MONTHLY INSTALLMENT NOT BE RECEIVED BY THE BENEFICIARY

OR HIS ASSIGNS BY THE TENTH DAY (10TH) DAY OF THE MONTH IN

WHICH IT IS DUE, THE BENEFICIARY SHALL HAVE EARNED A LATE

PAYMENT FEE OF $28.00, WHICH SHALL BE IMMEDIATELY DUE & PAYABLE.

CHECKS NOT HONORED BY THE BORROWERS BANK WILL BE SUBJECT TO

A $30.00 INSUFFICIENT FUNDS FEE PAYABLE TO THE SERVICING AGENT.


ON ANY INSTALLMENT RECEIVED BY THE BENEFICIARY, INTEREST EARNED

BY THE BENEFICIARY SHALL BE CREDITED FIRST, AND THE REMAINING SUM

SHALL BE APPLIED TOWARD REDUCING THE PRINCIPAL.

BORROWERS INITIALS: ( ) ( )

OF THAT CERTAIN NOTE DATED FEBRUARY 1, 2005, BETWEEN MILLER AND BANCHERO, AND THE BENEFICIARY, SIGNATURE PROPERTIES OR ITS ASSIGNS. SECURED BY: 328 PINEVIEW DRIVE, SANTA CLAR, CA. 95050.

*ANY DEFAULT OF THE BORROWER WILL REQUIRE AN ADVANCING FEE OF*

*FIVE PERCENT (5.00%) OF THE SUM ADVANCED. A LIKE AMOUNT SHALL BE*

*ADDED TO THE PRINCIPLE BALANCE OF THIS NOTE. THE BORROWER MAY*

*AS AN ALTERNATIVE PAY THIS AMOUNT AT THE TIME THE EXPENSE IS*

*INCURRED OR MAKE OTHER ARRANGEMENTS AGREEABLE WITH THE LENDER.*

IF THIS OBLIGATION IS NOT PAID IN FULL BY THE MATURITY DATE, OR

THE TERM EXTENDED, AT THE HOLDERS OPTION, THE UNPAID BALANCE

SHALL ACCRUE INTEREST AT A RATE OF THIRTEEN AND 00/100 PERCENT,

(13.00%) PER ANNUM UNTIL SAID SUM IS SATISFIED IN FULL.

SHOULD THE MAKERS DEFAULT IN THE PAYMENT OF ANY SUM DUE UNDER THE

TERMS OF THIS NOTE, OR ANY OBLIGATION(S) CONTAINED IN THE DEED

OF TRUST, OR ANY OBLIGATION(S) DUE ANY SENIOR DEED OF TRUST, OR

THE PROPERTY TAXES BECOME DELINQUENT, THEN THE ENTIRE PRINCIPLE

SUM OF THIS NOTE, & ALL INTEREST EARNED (AND UNEARNED), TOGETHER

WITH ANY & ALL OUTSTANDING ADVANCING FEES SHALL BECOME DUE AND

PAYABLE WITHOUT NOTICE AT THE OPTION OF THE NOTE HOLDER.

THE INTEREST RATE EXPRESSED HEREIN SHALL NOT EXCEED THE MAXIMUM

RATE PERMITTED BY APPLICABLE LAW. SHOULD ANY PROVISION OF THIS

NOTE NOT HAVE A BASIS IN LAW, IT SHALL NOT INVALIDATE THE DEBT.

ANY AND ALL COSTS INCURRED FOR COLLECTION AND/OR ENFORCEMENT OF

ANY PROVISIONS OF THIS NOTE SHALL BE THE SOLE RESPONSIBILITY OF

THE BORROWERS.

BORROWERS INITIALS: (_____) (_____)

OF THAT CERTAIN NOTE DATED FEBRUARY 1, 2005, BETWEEN MILLER AND BANCHERO, AND THE BENEFICIARY: SIGNATURE PROPERTIES OR ITS ASSIGNS. SECURED BY: 328 PINEVIEW DRIVE, SANTA CLARA, CA. 95050.

IF THE BORROWERS CONVEY OR ALIENATE SAID PROPERTY, OR ANY PART THEREOF, OR ANY INTEREST THEREIN, OR BE DIVESTED OF THE TITLE IN ANY MANNER, WHETHER VOLUNTARY OR INVOLUNTARY, THIS NOTE IRRESPECTIVE OF THE MATURITY DATE EXPRESSED SHALL BECOME IMMEDIATELY DUE AND PAYABLE AT THE OPTION OF THE BENEFICIARY.

IF ANY ACTION IS INSTITUTED ON THIS NOTE, I/WE PROMISE TO PAY SUCH SUM AS THE COURT MAY AFFIX FOR LEGAL COSTS & ATTORNEYS FEES.

THIS NOTE MAY BE ASSIGNED, SOLD, TRANSFERRED, OR THE MATURITY DATE EXTENDED SOLELY AT THE OPTION OF THE BENEFICIARY. THIS LOAN MAY UNDER NO CIRCUMSTANCES BE ASSUMED BY ANOTHER BORROWER.

*AT THE ORIGINATION OF THIS OBLIGATION, THE BORROWERS HAVE IN FACT REPRESENTED THAT THEY ARE GAINFULLY SELF EMPLOYED, AND THAT THEIR PRESENT & ANTICIPATED EXPENSES WILL ALLOW THEM THE FINANCIAL CAPABILITY TO REPAY THIS LOAN AS AGREED.*

SIGNATURE PROPERTIES SHALL ACT IN GOOD FAITH AS THE DESIGNATED SERVICING AGENT FOR BOTH THE BORROWER AND THE BENEFICIARY FOR THE ENTIRE TERM OF THIS OBLIGATION.

*WE UNDERSTAND THAT WITH THE EXECUTION OF THIS CREDIT, THE LENDER WILL HAVE A MORTGAGE ON OUR HOME, AND THAT WE COULD LOSE OUR HOME AND THE MONEY WE HAVE INVESTED INTO IT IF WE DO NOT MEET THE OBLIGATIONS UNDER THE LOAN & TRUST DEED.*

BORROWERS INITIALS: ( )

OF THAT CERTAIN NOTED DATED FEBRUARY 1, 2005, BETWEEN MILLER AND BANCHERO, AND THE BENEFICIARY: SIGNATURE PROPERTIES OR ITS ASSIGNS. SECURED BY: 328 PINEVIEW DRIVE, SANTA CLARA, CA. 95050

*THE BORROWERS REPRESENT THAT ALL INFORMATION PRESENTED TO THE BENEFICIARY AND THE BROKER ARE FACTUAL AND THAT NO MATERIAL INFORMATION HAS BEEN WITHHELD. THE BORROWER HAS DISCLOSED TO SIGNATURE PROPERTIES THAT THE SECURITY FOR THIS LOAN IS THE BORROWERS PRIMARY RESIDENCE, AND THAT THE EXPRESSED PURPOSE OF THIS LOAN IS FOR REINSTATING THE EXISTING FIRST LOAN TO A CURRENT STATUS AND OTHER DEBT CONSOLIDATION.*

*DUE TO THE EXPRESSED PURPOSES OF THIS LOAN, AND THE FACT THAT THE BORROWER(S) ARE SELF EMPLOYED (LONG HAUL TRUCKER), THIS LOAN IS EXEMPT FROM BOTH THE FEDERAL "SECTION 32" AND STATE "CAL 32" GUIDELINES.*

*THE BORROWERS HAVE NO RESERVATIONS WHAT-SO-EVER THAT THE MATURITY DATE OF THIS OBLIGATION WILL CAUSE THEM ANY UNDO HARDSHIP.*

WE ARE IN FULL UNDERSTANDING AND COMPLETE AGREEMENT WITH ALL THE TERMS OF THIS AGREEMENT. WE HAVE BEEN ADVISED TO SEEK LEGAL ADVICE PRIOR TO EXECUTING THIS DOCUMENT.

WE ARE WILLINGLY ENTERING INTO THIS AGREEMENT WITHOUT BEING UNDER ANY UNDO DURESS AND OF OUR OWN FREE WILL AND HAVING HAD AMPLE OPPORTUNITY TO RESCIND THIS TRANSACTION.

| Signature | Date |
| --- | --- |
| *Sally Miller* | 2-3-05 |
| SALLY MILLER | DATE |
| *Ronald Banchero* | 2-3-05 |
| RONALD BANCHERO | DATE |

EXHIBIT C