MARTA E. VILLACORTA (NY SBN 4918280)
Assistant United States Trustee
ELVINA ROFAEL (SBN 333919)
Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Office of the United States Trustee
450 Golden Gate Avenue, Room 05-0153
San Francisco, California 94102
Email: Elvina.rofael@usdoj.gov
Telephone: (415) 705-3333
Facsimile: (415) 705-3379

Attorneys for TRACY HOPE DAVIS
United States Trustee

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

In re:

JAMES M. LIQUORI,

                  Debtor.

Case No. 10-55627-SLJ

Chapter 7

**DECLARATION OF PARALEGAL SPECIALIST IANTHE V. DEL ROSARIO IN SUPPORT OF UNITED STATES TRUSTEE'S MOTION TO REOPEN CASE AND MEMORANDUM OF POINTS AND <u>AUTHORITIES IN SUPPORT OF THE MOTION</u>**

I, IANTHE V. DEL ROSARIO, declare as follows:

1. I am employed as a Paralegal Specialist in the Office of the United States Trustee, Region 17, San Francisco Division, 450 Golden Gate Avenue, Room 05-0153, San Francisco, California 94102.

2. I am over the age of 18.

3. I make this declaration based on my own personal knowledge of the facts of this matter and based upon my review of the Pacer docket in this case, as well as the Schedules and

Statement of Financial Affairs filed in this case. If called upon to do so, I could and would testify as to these facts.

4. The Office of the United States Trustee has received information from William Healy regarding the existence of a potential asset, consisting of real property that may belong to the Debtor, which could be administered for the benefit of the Debtor's creditors. Attached hereto, as **Exhibit A**, is a copy of the email and letter from Mr. Healy.

5. I declare under penalty of perjury that the foregoing is true and correct this 16th day of September 2021 in Daly City, California.

                                      _/s/ Ianthe V. del Rosario_
                                      Ianthe V. del Rosario
                                      Paralegal Specialist

WILLIAM J. HEALY

LAW OFFICE OF
WILLIAM J. HEALY
748 HOLBROOK PL
SUNNYVALE, CALIFORNIA 94087
TELEPHONE: (408) 373-4680
EMAIL: WJHEALY7@GMAIL.COM

August 20, 2021

VIA EMAIL signaturejim@sbcglobal.net
VIA Registered Mail Return Receipt Requested
James M. Liquori
Signature Properties
3553 Kirkwood Dr.
San Jose, CA 95117-1551

| | |
|---|---|
| Via Email a.barris@sbcglobal.net<br>VIA Registered Mail<br>Audrey J. Barris<br>1853 Scott St<br>San Francisco, CA 94115 | Via Email ajb@barristrustee.com<br>VIA Registered Mail<br>Audrey J. Barris<br>1770 Post St. #130<br>San Francisco, CA 94115 |

Via Registered Mail
Audrey J. Barris
2184 Sutter St. #322
San Francisco, CA 94115

    Re:  Deed of Trust
      Santa Clara County Recorder
      Document No.: 19857829
      Recorded 5/19/2008
     Trustor: Anthony Arch
     Trustee: Chicago Title Company
     Beneficiary: Signature Properties

**Demand For Reconveyance**

Dear Mr. Liquori and Ms. Barris:

  We represent Anthony Arch.

  On behalf of Mr. Arch we hereby demand the immediate and timely reconveyance of a Deed of Trust With Assignment of Rents and recorded on May19, 2008 as Santa

Clara County Recorder Document No.: 19857829 ("2008 DOT"). A copy of the 2008 DOT is attached hereto.

On/about August 8, 2006 Mr. Arch signed a Straight Note in the amount of $25,000 with Signature Properties ("2006 Note") and the 2006 Note related to a Deed of Trust recorded on August 25, 2006 (Santa Clara County Recorder Document No.: 19080877) ("2006 DOT"). The 2006 Note and the 2006 DOT were assigned to L. J. Azevedo pursuant to an Assignment of Note and Security Agreement dated August 25, 2006. This Demand For Reconveyance does not relate directly to the 2006 DOT.

On May 19, 2008 Signature Properties recorded a Deed of Trust With Assignment of Rents ("2008 DOT") purporting to relate to the payment of $25,000 and a promissory note of the same date ("2008 Note").

However, the 2008 Note was never signed, was never supported by any consideration, was never supported by a transfer of money to Mr. Arch, and is a complete nullity.

On May 28, 2010 James M. Liquori, dba Signature Properties ("Liquori" or "Debtor"), filed a Chapter 7 bankruptcy (U.S. Bankruptcy Court (CA ND) Case No.: 10-55627) ("Bankruptcy Case"). Audrey Barris was appointed and served as the Chapter 7 Trustee in the Bankruptcy Case.

The 2008 Note and 2008 DOT were not listed in the Bankruptcy Case as assets of the Debtor and do not have appeared to have been specifically abandoned by the estate and/or Ms. Barris. Although the 2006 Note and 2006 DOT are nullities, unless they were assigned to someone prior to May 28, 2000 they may be property of the bankruptcy estate (11 U.S.C. 554 (d)).

California Civil Code Section 2941(b) provides, in pertinent part:
> "(1) Within 30 calendar days after the obligation secured by any deed of trust has been satisfied, the beneficiary or the assignee of the beneficiary shall execute and deliver to the trustee the original note, deed of trust, request for a full reconveyance, and other documents as may be necessary to reconvey, or cause to be reconveyed, the deed of trust.
>> (A) The trustee shall execute the full reconveyance and shall record or cause it to be recorded in the office of the county recorder in which the deed of trust is recorded within 21 calendar days after receipt by the trustee of the original note, deed of trust, request for a full reconveyance, the fee that may be charged pursuant to subdivision (e), recorder's fees, and other documents as may be necessary to reconvey, or cause to be reconveyed, the deed of trust.

>(B) The trustee shall deliver a copy of the reconveyance to the beneficiary, its successor in interest, or its servicing agent, if known.
>...
>(D) If the note or deed of trust, or any copy of the note or deed of trust, is electronic, upon satisfaction of an obligation secured by a deed of trust, any electronic original, or electronic copy which has not been previously marked solely for use as a copy, of the note and deed of trust, shall be altered to indicate that the obligation is paid in full. . ."

The 2008 DOT lists Mr. Arch as Trustor ("Trustor"), Chicago Title Company as Trustee ("Trustee"), and Signature Properties, A Sole Proprietorship And/Or Its Assigns as Beneficiary ("Beneficiary").

Therefore, Mr. Arch, as Trustor, hereby demands that Signature Properties, Mr. Liquori, and Ms. Barris, as alleged Beneficiary(s) immediately and timely execute, with a notary, the Request For Full Reconveyance attached to the 2008 DOT and return and acknowledge the 2008 Note as a nullity (or at least fully paid and satisfied) and canceled and return and acknowledge the 2008 DOT as a nullity (or at least fully paid and satisfied) and canceled.

Please contact me with any questions.

>Sincerely,
>LAW OFFICE OF WILLIAM J. HEALY
>/s/ William J. Healy
>William J. Healy

Enclosure: 2008 DOT

| RECORDING REQUESTED BY | DOCUMENT: 19857829 | Pages: 4 |
|---|---|---|
| AND WHEN RECORDED MAIL TO | | Fees. 29.00 |
| Name: SIGNATURE PROPERTIES | | Taxes... |
| Street Address: 3071 PAYNE AVENUE, SUITE #B | | Copies. 19.00 |
| | | AMT PAID 48.00 |
| City & State Zip: SAN JOSE, CALIFORNIA 95128 | REGINA ALCOMENDRAS SANTA CLARA COUNTY RECORDER Recorded at the request of Beneficiary | RDE # 004 5/19/2008 2:28 PM |

Title Order No.                Escrow No

Assessors Parcel Number: 294-07-075                SPACE ABOVE THIS LINE FOR RECORDER'S USE

## DEED OF TRUST WITH ASSIGNMENT OF RENTS

This DEED OF TRUST, made THIS FIRST DAY OF APRIL, 2008                                        between
ANTHONY ARCH iii, AN UNMARRIED MAN AS HIS SOLE AND SEPARATE RESPONSIBILITY        herein called TRUSTOR,

whose address is  2216 SERRA AVENUE          SAN JOSE          CALIFORNIA          95050
                    (Number and Street)         (City)           (State)          (Zip Code)

**CHICAGO TITLE COMPANY,** a California Corporation, herein called TRUSTEE, and

SIGNATURE PROPERTIES, A SOLE PROPRIETORSHIP AND/OR ITS ASSIGNS

, herein called BENEFICIARY,

Trustor irrevocably grants, transfers and assigns to Trustee in Trust, with Power of Sale that property in
CITY OF SANTA CLARA,                    County of   SANTA CLARA              , State of California, described as:

SEE ATTACHED EXHIBIT "A" FOR A FULL AND COMPLETE LEGAL DESCRIPTION

APN: 294-07-075

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the Purpose of Securing (1) payment of the sum of $ 25,000.00    with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of the Beneficiary, and extensions or renewals thereof; (2) the performance of each agreement of Trustor incorporated by reference or contained herein or reciting it is so secured; (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his or her successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

A. To protect the security of this Deed of Trust, and with respect to the property above described, Trustor agrees:
    (1) To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.
    (2) To provide maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon any indebtedness secured hereby and in such order as beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.
    (3) To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed of Trust.
    (4) To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge, or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his or her reasonable fees.

Page 1

(5) To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date, of expenditure at the amount allowed by law in effect at the date hereof, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby, any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

B. It is mutually agreed:

(1) That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him or her in the same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(2) That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his or her right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay,

(3) That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(4) That upon written request of beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention or other disposition as Trustee in its sole discretion may choose and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder, The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof, The Grantee in such reconveyance may be described as "the person or persons legally entitled thereto".

(5) That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any Indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable, Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his or her own name sue for or otherwise collect such rents, issues, and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(6) That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby.

After the lapse of such time as may then be required by law following the recordation of said notice of default, and notice of sale having been given as then required by law, Trustee without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(7) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties. Said instrument must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this Deed is recorded and the name and address of the new Trustee.

(8) That this Deed applies to, inures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors, and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so requires, the masculine gender includes the feminine and/or the neuter, and the singular number includes the plural.

(9) The Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or proceeding in which Trustor, Beneficiary or Trustee shall be a party unless brought by Trustee.

Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge thereof does not exceed the maximum allowed by laws.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him or her at his or her address hereinbefore set forth.

Dated _APRIL 7, 2008_

STATE OF CALIFORNIA
COUNTY OF _SANTA CLARA_

On _APRIL 7, 2008_ before me, _JAMES M. LIQUORI, NOTARY PUBLIC_
(here insert name and title of the officer)
, personally appeared _ANTHONY ARCH III_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the state of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal

Signature _[signature]_

Signature of Trustor
_[signature]_
ANTHONY ARCH iii

[Notary seal: JAMES M. LIQUORI, Commission # 1484436, Notary Public - California, Santa Clara County, My Comm. Expires Apr 20, 2008]

Page 2
(This area for official notarial seal)

Case: 10-55627   Doc# 74-1   Filed: 09/16/21   Entered: 09/16/21 14:06:25   Page 7 of 10
SANTA CLARA, CA  Document:DOT 19857829                                                     Page:2 of 4
Printed on:9/5/2020 1:58 AM

EXHIBIT "A" (LEGAL DESCRIPTION)

The land referred to in this report is situated in the State of California, County of SANTA CLARA and is described as follows:

All that certain Real Property in the City of Santa Clara, County of Santa Clara, State of California, described as follows:

Lot 54, as laid down, designated and delineated upon that certain Map entitled, "Tract No. 730 Claravale Unit No. 1, being a part of the City of Santa Clara", filed for Record in the Office of the Recorder of the County of Santa Clara, State of California, on April 17, 1950 Book 28 of Maps, Pages 8 and 9.

**PROPERTY COMMONLY KNOWN AS:**   2216 SERRA AVENUE, SANTA CLARA, CA. 95050
APN: 294-07-075

**DO NOT RECORD**              **REQUEST FOR FULL RECONVEYANCE**

TO CHICAGO TITLE COMPANY

The undersigned is the legal owner and holder of the note or notes, and of all other indebtedness secured by the foregoing Deed of Trust. Said note or notes, together with all other indebtedness secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note or notes above mentioned, and all other evidence of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you under the same.

Dated _____

_____

_____

Please mail Deed of Trust,
Note and Reconveyance to _____

*Do not lose or destroy this Deed of Trust OR THE NOTE which it secures. Both must be delivered to the Trustee for cancellation before reconveyance will be made.*

 Chicago Title

Page 3





William Healy <wjhealy7@gmail.com>

## Signature Properties (Anthony M Liquori)--Reconveyance Deed of Trust/
1 message

**William Healy** <wjhealy7@gmail.com>   Fri, Aug 20, 2021 at 10:43 AM
To: signaturejim@sbcglobal.net
Cc: a.barris@sbcglobal.net, ajb@barristrustee.com, William Healy <WJHealy7@gmail.com>

Mr. Liquori and Ms. Barris:
   We represent Anthony Arch, Trustor of a 2008 Deed of Trust.
   Please see the attached Demand For Reconveyance of the 2008 Deed of Trust.

William J. Healy, Esq.
Law Office of William J. Healy
748 Holbrook Pl
Sunnyvale, CA 94087
(p) 408-373-4680
wjhealy7@gmail.com

---

**2 attachments**

📄 **DemandForReconveyance2 and 2008DOT.pdf**
205K

📄 **DemandForReconveyance2 and 2008DOT.pdf**
205K